# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 20-cv-01983-RM-NRN

WILLIAM POWELL, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

THE KROGER COMPANY; and
DILLON COMPANIES, LLC a/k/a KING SOOPERS, INC. d/b/a KING SOOPERS/CITY MARKET,

    Defendants.

---

## ORDER

---

This matter is before the Court on the parties' Joint Motion to Transfer Action to the Southern District of Ohio (ECF No. 82), filed pursuant to 28 U.S.C. §1404(a). Under 28 U.S.C. § 1404(a), courts may transfer an action "[f]or the convenience of parties and witnesses, [and] in the interest of justice, ... to any other district or division where it might have been brought or…to which all parties have consented." In considering whether to transfer, courts may weigh the following discretionary factors.

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and…all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir.1991)). The parties jointly request a transfer of this putative class and collective action under the Fair Labor Standards Act and Colorado law to the Southern District of Ohio. They assert the relevant factors weigh in favor of a transfer. After considering all relevant factors, the Court agrees.

This action at least as against Defendant Kroger could have been brought in the Southern District of Ohio because Kroger is an Ohio corporation whose headquarters are located in Cincinnati, Ohio. Regardless, all parties have consented to the Southern District of Ohio. It is also the district in which four other similar cases are pending, including the first filed action. *See Mullins v. The Kroger Company, et al.*, No. 1:19-cv-00964-MRB (S.D. Ohio); *Wilson v. The Kroger Company, et al.*, No. 1:20-cv-00936-MRB (S.D. Ohio); *Levi v. The Kroger Company, et al.*, No. 1:21-cv-00042-MRB (S.D. Ohio); and *Schell, et al v. The Kroger Company*, No. 1:21-cv-00103-MRB (S.D. Ohio). Those cases are all pending before Judge Michael R. Barrett. In addition, the parties are actively attempting a global settlement of all five cases and, should that prove unsuccessful, represent they may seek to consolidate all five actions. Co-counsel for the plaintiffs in the other four actions, along with counsel for Defendant in all five actions, are also located in Ohio. Thus, considerations of convenience and interests of justice weigh in favor of transferring this case. Although this case also includes claims involving Colorado law, the Court finds, on balance, that any discretionary factors which may weigh against a transfer do not outweigh those which weigh in favor of a transfer. Accordingly, it is ORDERED

(1) That the Joint Motion to Transfer Action to the Southern District of Ohio (ECF No. 82) is GRANTED; and

(2) That, pursuant to 28 U.S.C. §1404(a), this action shall be transferred to the United States District Court for the Southern District of Ohio where four related actions are proceeding before Judge Michael R. Barrett.

DATED this 21st day of May, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge